| | |
|---|---|
| Jeffrey A. Wurst<br>Jack Dayon (*pro hac vice* motion pending)<br>**ARMSTRONG TEASDALE LLP**<br>919 Third Avenue, 37th Floor<br>New York, NY  10222<br>Tel:    (212) 409-4400<br>Email: jwurst@atllp.com<br>          jdayon@atllp.com | Erin M. Edelman (*pro hac vice*<br>motion pending)<br>**ARMSTRONG TEASDALE LLP**<br>7700 Forsyth Boulevard, Suite 1800<br>St. Louis, MO 63105<br>Tel:    (314) 621-5070<br>Email: eedelman@atllp.com |

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PREMIERE JEWELLERY, INC,<br><br>          Debtor.<br><br>Tax I.D.  06-1470250 | Case No. 20-11484<br>CHAPTER 11 |
| In re:<br><br>TANYA CREATIONS, LLC,<br><br>          Debtor.<br><br>Tax I.D.  47-5521867 | Case No. 20-11485<br>CHAPTER 11 |
| In re:<br><br>PAW HOLDINGS, INC.,<br><br>          Debtor.<br><br>Tax I.D. 05-0379043 | Case No. 20-11486<br>CHAPTER 11 |

| | |
|---|---|
| In re: | Case No. 20-11488 |
| ETYM PROPERTIES, LLC, | CHAPTER 11 |
| Debtor. | |
| Tax I.D. 05-0504377 | |
| In re: | Case No. 20-11487 |
| PJT, LLC, | CHAPTER 11 |
| Debtor. | |
| Tax I.D. 82-2653105 | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II)
WAIVING REQUIREMENTS OF SECTION 342(c)(1) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 1005 AND 2002(n)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order substantially in the form attached hereto as Exhibit A (the "Order"), (i) directing procedural (not substantive) consolidation and joint administration of these chapter 11 cases (the "Chapter 11 Cases") and (ii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and procedural bases for the relief requested herein are sections 105 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), Rule 1015(b) of the

2

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(a) of the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

4. Premiere Jewellery, Inc. and affiliated debtors in possession (collectively, the "Debtors") are a jewelry design, sales, and distribution enterprise, with headquarters located in East Providence, Rhode Island and offices also located in New York, NY and Qingdao and Yiwu, China. The Debtors design and distribute costume jewelry and hair goods and partner with major retailers, who then sell the Debtors' merchandise to consumers.

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Unites States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.

6. A comprehensive description of the Debtors' operations and events leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of A. Howard Moser Pursuant to Rule 1007-2 of Local Bankruptcy Rules for the Southern District of New York* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

7. By this Motion, and pursuant to Bankruptcy Code section 105, Bankruptcy Rule 1015(b) and Local Rule 1015(B), the Debtors seek entry of the Proposed Order, substantially in

the form attached hereto as <u>Exhibit A</u> (i) directing procedural consolidation and joint administration of these Chapter 11 Cases and (ii) granting related relief. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case of Premiere Jewellery, Inc., and that the cases be administered under a consolidated caption is as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) ) ) Chapter 11 ) |
| PREMIERE JEWELLERY, INC, et al., | ) Case No. 20-11484 ) |
| Debtors[1]. | ) Jointly Administered ) ) |

---

[1] The Debtors in these cases are each incorporated or organized in the state of Rhode Island, and along with the last four digits of each Debtor's federal tax identification number are: Premiere Jewellery, Inc. [0250]; Tanya Creations, LLC [1867]; PAW Holdings, Inc. [9043]; ETYM Properties, LLC [4377]; and PJT, LLC [3105]. The address of the corporate offices of Premiere Jewellery, Inc. is 389 Fifth Avenue, New York, NY 1016 and the other Debtors' corporate headquarters is 360 Narragansett Park Drive, East Providence, RI 02916.

8. The Debtors request that the Court waive the requirements under section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the case caption and other notices mailed in the Chapter 11 Cases include the Debtors' tax identification numbers and other identifying information about the Debtors. In lieu of such requirements, the Debtors propose to include in all pleadings filed and each noticed mailed by the Debtors a footnote listing all of the Debtors and the last four digits of their tax identification numbers.

9. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Premiere Jewellery, Inc.:

> An order has been entered in this case administratively consolidating the cases of Premiere Jewellery, Inc; Tanya Creations, LLC; PAW Holdings, Inc.; ETYM Properties, LLC; and PJT, LLC for procedural purposes only and providing for its joint administration with the terms therein.

10. The Debtors also seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a Debtor-by-Debtor basis in each monthly operating report. Each Debtor shall be liable for its own U.S. Trustee fees required under 28 U.S.C. § 1930.

## BASIS FOR RELIEF

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates"

as defined in Bankruptcy Code section 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12.　　Bankruptcy Code section 105(a) further provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

13.　　Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See, e.g.*, *In re Fairway Grp. Holdings Corp., 20-10161 (JLG) (Jan. 27, 2020),* [Docket No. 68] (approving joint administration and permitting debtors to file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees by consolidating the information in one report that tracks and breaks out all of the specific information on a debtor-by-debtor basis); *In re Deluxe Entm't Servs. Grp. Inc.,* 19-23774 (RDD) (Oct. 11, 2019), [Docket No. 3] (same); *In re Stearns Holdings, LLC*, 19-12226 (SCC) (July 10, 2019), [Docket No. 3] (same); *In re Windstream Holdings, Inc.* 19-22312 (RDD) (Feb. 28, 2019), [Docket No. 56] (same); *In re Sears Holdings Corp.,* 18-23538 (RDD) (Oct. 16, 2018), [Docket No. 118] (same).

14.　　Given the integrated nature of the Debtors' operations, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders in these Chapter 11 Cases will affect each Debtor entity. The entry of the Order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative

6

filings and objections. Joint administration also will allow the U.S. Trustee and all parties-in-interest to monitor these Chapter 11 Cases with greater ease and efficiency.

15. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties-in-interest will not be harmed by the relief requested; instead, parties-in-interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors and all other parties in interest.

## NOTICE

16. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to Webster Bank, N.A. (Attn: Daniel E. Burgoyne, Esq.); (d) counsel to any statutory committee appointed in the Chapter 11 Cases; (e) the United States Attorney's Office for the Southern District of New York; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for all states in which the Debtors conduct business and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested by this Motion and such further relief as may be just and necessary under the circumstances.

Dated: June 25, 2020
New York, New York

        /s/ *Jeffrey A. Wurst*
Jeffrey A. Wurst
Jack Dayon (*pro hac vice* motion pending)
**ARMSTRONG TEASDALE LLP**
919 Third Avenue, 37th Floor
New York, NY  10222
Tel:     (212) 409-4400
Email: jwurst@atllp.com
       jdayon@atllp.com

-and-

Erin M. Edelman (*pro hac vice* motion pending)
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Tel:     (314) 621-5070
Email: eedelman@atllp.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PREMIERE JEWELLERY, INC.,<br><br>Debtor.<br><br>Tax I.D. 06-1470250 | Case No. 20-11484<br>CHAPTER 11 |
| In re:<br><br>TANYA CREATIONS, LLC,<br><br>Debtor.<br><br>Tax I.D. 47-5521867 | Case No. 20-11485<br>CHAPTER 11 |
| In re:<br><br>PAW HOLDINGS, INC.,<br><br>Debtor.<br><br>Tax I.D. 05-0379043 | Case No. 20-11486<br>CHAPTER 11 |
| In re:<br><br>ETYM PROPERTIES, LLC,<br><br>Debtor.<br><br>Tax I.D. 05-0504377 | Case No. 20-11488<br>CHAPTER 11 |
| In re:<br><br>PJT, LLC,<br><br>Debtor.<br><br>Tax I.D. 82-2653105 | Case No. 20-11487<br>CHAPTER 11 |

### ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) WAIVING REQUIREMENTS OF SECTION 342(c)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1005 AND 2002(n)

Upon the motion (the "Motion")[1] of Premiere Jewellery, Inc., and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b), (a) directing the joint administration of these Chapter 11 Cases for procedural purposes only and (b) waiving the requirement that the captions in the Chapter 11 Cases list the Debtors' tax identification numbers and certain other information; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

---

[1] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion

2. These Chapter 11 Cases shall be jointly administered pursuant to Bankruptcy Rule 1015(b) and consolidated for procedural purposes only.

3. The Clerk of the Court shall maintain one file and one docket for these Chapter 11 Cases, which file and docket shall be the file and docket for the Chapter 11 Case of Premiere Jewellery, Inc., Case No. 20-11484.

4. All pleadings filed in these Chapter 11 Cases shall bear a consolidated caption in the following form:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| PREMIERE JEWELLERY, INC, et al., | ) Case No. 20-11484 |
| Debtors[2]. | ) Jointly Administered |

5. The Clerk of the Court shall make a docket entry docket in each of the Chapter 11 Cases (except that of Premiere Jewellery, Inc.), to reflect the joint administration of these Chapter 11 Cases, substantially as follows:

> An order has been entered in this case administratively consolidating the cases of Premiere Jewellery, Inc; Tanya Creations, LLC; PAW Holdings, Inc.; ETYM Properties, LLC; and PJT, LLC for procedural purposes only and providing for its joint administration with the terms therein. The docket in the Chapter 11 case of Premiere Jewellery, Inc., Case No. 20-11484 should be consulted for all matters affecting this case.

---

[2] The Debtors in these cases are each incorporated or organized in the state of Rhode Island, and along with the last four digits of each Debtor's federal tax identification number are: Premiere Jewellery, Inc. [0250]; Tanya Creations, LLC [1867]; PAW Holdings, Inc. [9043]; ETYM Properties, LLC [4377]; and PJT, LLC [3105]. The address of the corporate offices of Premiere Jewellery, Inc. is 389 Fifth Avenue, New York, NY 1016 and the other Debtors' corporate headquarters is 360 Narragansett Park Drive, East Providence, RI 02916.

3

6.  One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these Chapter 11 Cases.

7.  The requirements under section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the case caption and other notices mailed in the Chapter 11 Cases include the Debtors' tax identification numbers and other identifying information about the Debtors are hereby waived. The Debtors shall include in all pleadings filed and each noticed mailed by the Debtors a footnote listing all of the Debtors and the last four digits of their tax identification numbers.

8.  The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required for each debtor in one report that tracks and breaks out all of the disbursements on a debtor-by-debtor basis in each monthly operating report.

9.  Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases.

10. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11. The requirements set forth in Local Rule 9013-1(b) are satisfied.

4

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____  _____
      New York, New York                    United States Bankruptcy Judge

**Order Prepared By:**

Jeffrey A. Wurst
Jack Dayon (*pro hac vice* motion pending)
**Armstrong Teasdale LLP**
919 Third Avenue, 37th Floor
New York, NY 10222
Telephone: (212) 409-4400
Email: jwurst@atllp.com
Email: jackdayon@atllp.com

Erin M. Edelman (*pro hac vice* motion pending)
**Armstrong Teasdale LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Email: eedelman@atllp.com