Jeffrey A. Wurst
Jack Dayon (*pro hac vice* motion pending)
**ARMSTRONG TEASDALE LLP**
919 Third Avenue, 37th Floor
New York, NY  10222
Tel:    (212) 409-4400
Email: jwurst@atllp.com
          jdayon@atllp.com

Erin M. Edelman (*pro hac vice* motion pending)
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Tel:    (314) 621-5070
Email: eedelman@atllp.com

*Proposed Counsel to the Debtors
 and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PREMIERE JEWELLERY, INC, et al.,[1] | Case No. 20-11484 |
| | (Joint Administration Requested) |
| Debtors. | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN A LIST OF CEDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX AND (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' TOP 20 CREDITORS AND (II) GRANTING RELATED RELIEF**

Premiere Jewellery, Inc. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections

---

[1] The Debtors in these cases are each incorporated or organized in the state of Rhode Island, and along with the last four digits of each Debtor's federal tax identification number are:  Premiere Jewellery, Inc. [0250]; Tanya Creations, LLC [1867]; PAW Holdings, Inc. [9043]; ETYM Properties, LLC [4377]; and PJT, LLC [3105].  The address of the corporate offices of Premiere Jewellery, Inc. is 389 Fifth Avenue, New York, NY 1016 and the other Debtors' corporate headquarters is 360 Narragansett Park Drive, East Providence, RI 02916.

1

105 and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy

Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

Rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of

New York (the "Local Rules"), (i) authorizing, but not directing, the Debtors to (a) maintain a

consolidated list of creditors (the "Creditor Matrix") in lieu of submitting a separate matrix for

each Debtor and (b) file a consolidated list of the Debtors' top 20 unsecured creditors (the "Top

20 Creditor List") and (ii) granting related relief. In further support of the Motion, the Debtors

respectfully state as follows:

BACKGROUND

1.      Premiere Jewellery, Inc. and affiliated debtors in possession (collectively, the

"Debtors") are a jewelry design, sales, and distribution enterprise, with headquarters in East

Providence, Rhode Island and offices also located in New York, NY and Qingdao and Yiwu,

China. The Debtors design and distribute costume jewelry and hair goods and partner with major

retailers, who then sell the Debtors' merchandise to consumers.

2.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their

businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code

sections 1107(a) and 1108.  No request for the appointment of a trustee or examiner has been

made in these chapter 11 cases, and no committees have been appointed or designated.

3.      A comprehensive description of the Debtors' operations and events leading to the

commencement of these chapter 11 cases is set forth in the *Declaration of A. Howard Moser,*

*Chief Restructuring Officer of Premiere Jewellery, Inc. and its Affiliates in Support of Debtors'*

2

*Chapter 11 Proceedings and First Day Pleadings* (the "First Day Declaration"), filed

contemporaneously herewith and incorporated herein by reference.

### JURISDICTION

4.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334.

5.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This

matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.      The statutory and procedural bases for the relief requested herein are sections

105 and 521 of the Bankruptcy Code, Bankruptcy Rule 1007 and Local Rule 1007-1.

### RELIEF REQUESTED

7.      By this Motion, the Debtors request entry of the Order, substantially in the form

attached hereto as Exhibit A, (i) authorizing, but not directing, the Debtors to (a) maintain the

Creditor Matrix in lieu of submitting a separate matrix for each Debtor and (b) file the Top 20

Creditor List and (ii) granting related relief.

### BASIS FOR RELIEF

**I.      The Court May Allow Debtors to Maintain the Creditor Matrix in Lieu of
Submitting a Formatted Mailing Matrix.**

8.      Local Rule 1007-1(a) requires a debtor in a voluntary chapter 11 case to file a list

containing the name and complete address of each creditor. Local Rule 1007-1(a). The Debtors

request that the Court authorize the Debtors to maintain the Creditor Matrix in lieu of filing

separate matrices for each Debtor. Permitting the Debtors to maintain a consolidated list of their

creditors in electronic format only, in lieu of filing a creditor matrix, is warranted under the

circumstances of these chapter 11 cases.

9.      Prior to the Petition Date, the Debtors maintained their books and records on a consolidated basis. Therefore, the preparation of separate creditor matrices and creditor lists would be time-consuming, unduly burdensome, and costly to the Debtors' estates.

10.     The Debtors have prepared the Creditor Matrix in electronic format. To ensure that no parties-in-interest are prejudiced, the Debtors will make their Creditor Matrix available in readable electronic format to any party-in-interest who so requests (or in non-electronic format at such requesting party's sole cost and expense). The Debtors therefore submit that the preparation and maintenance of the Creditor Matrix is warranted under the facts and circumstances present in these chapter 11 cases.

## II.     The Court May Authorize the Debtors to File the Top 20 Creditor List.

11.     Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because many of the creditors are shared amongst the Debtors, the Debtors request authority to file a single, consolidated Top 20 Creditor List.

12.     The Debtors submit that permitting them to file the Top 20 Creditor List in lieu of filing a separate list for each debtor entity is warranted under the circumstances of the chapter 11 cases. The exercise of compiling separate creditor lists for each individual Debtor would consume an excessive amount of the Debtors' time and resources. Further, the Debtors believe that a single, consolidated list of the Debtors' 20 largest unsecured, non-insider creditors will aid the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") and other parties in interest in their efforts to communicate with these creditors. As such, the Debtors believe that filing the Top 20 Creditor List in these chapter 11 cases is appropriate.

13.    Courts in this district have permitted Debtors to file a consolidated list of creditors. *See, e.g., In re Purdue Pharma L.P.,* 19-23649 (RDD) (Sept. 24, 2019), [Docket No. 102] (authorizing debtors "to file a consolidated list of the 50 largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors"); *In re Hollander Sleep Prods., LLC*, 19-11608 (MEW) (June 4, 2019), [Docket No. 84] (authorizing the debtors to "prepare a consolidated list of creditors in lieu of submitting any required mailing matrix" and "file a consolidated list of the Debtors' 50 largest unsecured creditors"); *In re Trident Holding Co., LLC*, 19-10384 (SHL) (Feb. 12, 2019), [Docket No. 39] ("waiving the List-Filing Requirements" and "authorizing the Debtors to file a single Consolidated Top 30 List instead of the individual Top 20 Lists contemplated by Bankruptcy Rule 1007(d)).

## NOTICE

14.    The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to Webster Bank, N.A. (Attn: Daniel E. Burgoyne, Esq.);  (d) counsel to any statutory committee appointed in the chapter 11 cases; (e) the United States Attorney's Office for the Southern District of New York; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for all states in which the Debtors conduct business and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

15.     No prior motion for the relief requested herein has been made to this or any other

Court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that

the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A and (b)

grant such other and further relief as is just and proper.

Dated:   June 25, 2020                          Respectfully submitted,
         New York, New York


                                                  */s/  Jeffrey A. Wurst*
                                                Jeffrey A. Wurst
                                                Jack Dayon (*pro hac vice* motion
                                                pending)
                                                **ARMSTRONG TEASDALE LLP**
                                                919 Third Avenue, 37th Floor
                                                New York, NY  10222
                                                Tel:    (212) 409-4400
                                                Email: jwurst@atllp.com
                                                       jdayon@atllp.com


                                                - and -


                                                Erin M. Edelman (*pro hac vice*
                                                motion pending)
                                                **ARMSTRONG TEASDALE LLP**
                                                7700 Forsyth Boulevard, Suite 1800
                                                St. Louis, MO 63105
                                                Tel:    (314) 621-5070
                                                Email: eedelman@atllp.com


                                                *and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PREMIERE JEWELLERY, INC, et al.,[1] | ) | Case No. 20- 11484 |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |
| | ) | |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN A LIST OF
CEDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX
AND (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' TOP 20
CREDITORS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Premiere Jewellery, Inc. and certain of its affiliated

debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order")

pursuant to sections 105 and 521 of the Bankruptcy Code, Bankruptcy Rule 1007 and Local Rule

1007-1 (i) authorizing, but not directing, the Debtors to (a) maintain a consolidated list of

creditors (the "Creditor Matrix") in lieu of submitting a separate matrix for each Debtor and (b)

file a consolidated list of the Debtors' top 20 unsecured creditors (the "Top 20 Creditor List") and

(ii) granting related relief; and this Court having jurisdiction to consider the Motion pursuant to 28

U.S.C. §§ 157 and 1334; and venue of these chapter 11 cases and the Motion in this district

being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding

---

[1] The Debtors in these cases are each incorporated or organized in the state of Rhode Island, and along with the last four digits of each Debtor's federal tax identification number are: Premiere Jewellery, Inc. [0250]; Tanya Creations, LLC [1867]; PAW Holdings, Inc. [9043]; ETYM Properties, LLC [4377]; and PJT, LLC [3105]. The address of the corporate offices of Premiere Jewellery, Inc. is 389 Fifth Avenue, New York, NY 1016 and the other Debtors' corporate headquarters is 360 Narragansett Park Drive, East Providence, RI 02916.

pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to file the Top 20 Creditor List in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

3.      In lieu of submitting a formatted mailing matrix, the Debtors shall make available a single, consolidated Creditor Matrix of all of the Debtors' creditors in readable electronic format (or in non-electronic format at such requesting party's sole cost and expense) upon reasonable request by parties-in-interest.

4.      The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

5.      This Order is without prejudice to the rights of any party-in-interest or the U.S.

Trustee to seek to unseal the Confidential Information or any part thereof.

6.      This Court shall retain jurisdiction with respect to any matters, claims, rights or

disputes arising from or related to the Motion or the implementation of this Order.


Dated:_____                    _____
       New York, New York                         United States Bankruptcy Judge


**Order Prepared By:**

Jeffrey A. Wurst
Jack Dayon (*pro hac vice* motion pending)
**Armstrong Teasdale LLP**
919 Third Avenue, 37th Floor
New York, NY 10222
Telephone: (212) 409-4400
Email: jwurst@atllp.com
Email: jackdayon@atllp.com

Erin M. Edelman (*pro hac vice* motion pending)
**Armstrong Teasdale LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Email: eedelman@atllp.com